**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN ROBERT LANG,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-13-0957** |
| v. : | |
| : | **(Judge Caputo)** |
| **JOSEPH MAZURKIEWICZ,** *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.   Introduction**

On April 10, 2013, Stephen R. Lang filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 guilty plea convictions in the Court of Common Pleas of Dauphin County, Pennsylvania, for various sex offenses against minors.[1]  (Doc. 1, Pet.)   Respondents filed a Motion to Dismiss and/or a Partial Answer to the Petition claiming that it is time barred.  (Doc. 8, Mot. to Dismiss).  Although given the opportunity to reply to the Respondents' charge that his Petition is untimely, Mr. Lang failed to oppose the motion.

For the reasons that follow, the Petition will be dismissed as untimely.  *See* 28 U.S.C. § 2244(d).

---

[1]  The Court takes judicial notice of the trial court's docket sheets in *Commonwealth v. Lang*, No. CP-22-CR-0002989-2008, No. CP-22-CR-0002991-2008, and No. CP-22-CR-0002992-2008 available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us.

**II.    Background**

The following background has been extracted from the Pennsylvania Superior Court's November 8, 2012 Opinion affirming the trial court's denial of Mr. Lang's petition for collateral review filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CON. STAT. ANN. §§ 9541, *et seq.*

> On March 16, 2010, Lang was sentenced to an aggregate term of imprisonment of 5 to 10 years following a guilty plea to charges that he provided alcohol to, and had intercourse with, his 18 year old daughter, combined with a plea of *nolo contendere* to charges arising from allegations that he had supplied marijuana and alcohol to, and digitally penetrated, his daughter's 17 year old friend.  Lang did not file an appeal for his judgment of sentence; rather, he filed a *pro se* motion to withdraw [his] guilty plea based upon allegations of ineffectiveness of plea counsel.  Lang's appointed counsel was permitted to withdraw, and Lang's motion to withdraw his guilty plea was denied on November 18, 2010.
>
> Lang filed the instant, *pro se*, petition on June 20, 2011. On November 2, 2011, the PCRA court dismissed Lang's petition and granted Lang's counsel's petition to withdraw.  This timely *pro se* appeal followed.
>
> . . .
>
> Here, as noted above, Lang's petition was filed on June 20, 2011, more than one year after April 15, 2010, when Lang's right to a direct appeal from his sentence expired, As such, it is patently untimely.  Furthermore, Land does not argue in his appellate brief in favor of the application of any of the timeliness exceptions.[2]  As such, we conclude that Lang's

---

[2]    Land does include a boilerplate assertion of after discovered evidence in his petition.  However, even read in context with the rest of his petition, it is impossible to determine exactly what evidence Lange believes was unavailable to him at the time of his guilty plea.  The one possible option concerns

(continued...)

> petition was untimely and affirm the PCRA court's decision
> on that basis.

*See* Doc. 8-4, ECF pp. 47-49, *Commonwealth v. Lang,* No. 2058 MDA 2011 (Pa. Super. Ct. Nov. 8, 2012).[3]   Mr. Lang did not file a petition for allowance of appeal to the Pennsylvania Supreme Court challenging the Superior Court of Pennsylvania's November 8, 2012 decision.

Mr. Lang filed his federal habeas corpus petition on April 10, 2013.  (Doc. 1, Pet.)

### III.   Discussion

#### A.   AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Under the AEDPA, federal habeas corpus petitions are subjet to a one-year limiatiosn period found in 28 U.S.C. § 2255(d), which provides, in relevant part, as follows:

---

[2](...continued)

> Lang's assertion of alibi witnesses; however, these witnesses
> and the substance of their testimony would have been known
> to Lange before his guilty plea and therefore do not qualify as
> after discovered evidence.  *See Commonwealth v. Johnson*,
> 945 A.2d 185, 190-191 (Pa. Super. 2008)*, appeal denied* 598
> Pa. 764, 956 A.2d 433 (2008).

[3]   The Court takes judicial notice of the Superior Court of Pennsylvania's docket sheet in *Commonwealth v. Lang*, 2058 MDA 2011, available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us.

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;
> >
> > (B) the date on which the impediment to filing an applications created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a federal habeas petition must to be filed within one year after the state judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See *Wall v. Kholi,* ___ U.S. ___, ___, 31 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011)(citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005).  This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final

until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).[4]

Petitioner was sentenced on March 15, 2010. He did not file a direct appeal to the Pennsylvania Superior Court. His conviction became final on April 15, 2010, at the expiration of the thirty-day period to file a direct appeal to the Pennsylvania Superior Court. *See* 42 PA. CON. STAT. ANN. § 9545(b)(3); Pa. R. App. 903; Pa. R. Crim. P. 720(a)(3). The one-year federal limitations period commenced to run on April 15, 2010, and expired one year later, on April 15, 2011.[5] *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Hence, the instant federal petition filed on April 10, 2013, appears to be untimely by more than two years, unless grounds for statutory or equitable tolling, or other exception can be demonstrated.

B.   **Statutory Tolling**

The AEDPA amendments include a tolling provision for "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ... ." 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace,* 544 U.S. at 417, 125

---

[4] If a petitioner pursues "direct review all the way to [the United States Supreme Court], the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

[5] Petitioner does not claim that any alternative starting date is applicable.

S.Ct. at 1814 (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").  Statutory tolling also applies to those periods when an application for discretionary review is pending in an appellate court of the denial of postconviction relief, see Kindler v. Horn, 542 F.3d 70, 77 n.5 (3d Cir. 2008)(noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), but it does not apply to the time the petitioner has to seek *certiorari* review from the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a petition for certiorari has been filed" in the Supreme Court).

Here, the trial court treated Mr. Lang's March 19, 2010, post-sentence motion seeking to withdraw his guilty plea based on ineffectiveness of counsel as a PCRA petition.  As the petition was filed prior to his sentence becoming final, his entire one-year limitations period remained intact.  The limitations period did not commence to start running until Mr. Lang failed to appeal the trial court's November 18, 2010 decision denying his petition.  Consequently, the statute of limitations started to run on December 20, 2010.[6]  Absent further tolling, Mr. Lang had until December 20, 2011, to file his federal habeas petition.

---

[6] As December 18, 2010 fell on a Saturday, pursuant to Fed. R. Civ. P. 6(a)(1)(A), the limitations period started two days later, Monday, December 20, 2010.

Mr. Lang's June 20, 2011, *pro se* PCRA petition was deemed untimely by the trial court.  Mr. Lang unsuccessfully appealed the dismissal of his second PCRA petition.  Thus, his second PCRA petition provides no tolling benefit for him as it was not "properly filed" within the meaning of 28 U.S.C. § 2255(d)(2).  *See Pace,* 544 U.S. at 417, 125 S.Ct. at 1814.  Thus, absent any other tolling, Mr. Lang's petition is time barred.

### C.     Equitable Tolling

The limitations period may also be subject to equitable tolling.  *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 89 (3d Cir. 2013).

Mr. Lang does not argue the issue of the timeliness of his Petition in the body of his Petition.  *See* Doc. 1, ECF p. 18.  Additionally, event though Mr. Lange was given the chance to reply to the Respondents' motion to dismiss challenging the timeliness of his petition, he elected not to file a response.  As such, Mr. Lang has not presented the Court with any reason to warrant the application of equitable tolling of the limitations period.

**D.     Actual Innocence Exception**

In *McQuiggins v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.  A claim of actual innocence under *Schulp* is "not itself constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Schulp*, 513 U.S. at 315, 115 S.Ct. at 861(quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993).  However, the Supreme Court in *McQuiggins*, *supra*, cautioned that "tenable actual-innocence gateway pleas are rare."  *Perkins*, ___ U.S. at ___, 133 S.Ct. at 1928.

A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 324-27, 115 S.Ct. at 865-67.  The Supreme Court has emphasized that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence."  *House v. Bell*, 547 U.S. 518, 521, 126 S.Ct. 2064, 2068, 165 L.Ed.2d 1(2006); *see also Schlup*, 513 U.S. at 324, 115

S.Ct. at 865 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624, 118 S.Ct. 1604, 1611-12, 140 L.Ed.2d 828 (1998).

In this case, Mr. Lang pled guilty to providing alcohol to, and having intercourse with, his 18 year old daughter, and pled *nolo contendere* to charges that he had supplied marijuana and alcohol to, and digitally penetrated, his daughter's 17 year old friend. Although he has not responded to the Respondent's motion to dismiss challenging the timeliness of his petition, in his habeas petition he argues the existence of two alibi witnesses which cast doubt on his guilt at the time he entered his plea. (Doc. 1, ECF p. 5.) However, aside from that general assertion, Mr. Lang has not submitted any reliable evidence that would cast doubt on his guilty plea conviction to permit the Court to consider his otherwise time-barred claims. Specifically, he has not submitted declarations from these alleged alibi witnesses to suggest how they would testify, or otherwise suggest how their testimony would suggest he is actually innocent of the crimes to which he pled guilty. Additionally, as the Superior Court of Pennsylvania noted, "any such witnesses and the substance of their testimony would have been known to Lang before his guilty plea and therefore do not qualify as after discovered evidence." *See* Doc. 8-4, ECF p. 49, *Commonwealth v. Lang*, No. 2058 MDA 2011 (Pa. Super. Ct. Nov. 8, 2012). More importantly, Mr. Lang's negotiated plea to the various sex offenses undermines his claim that another individual committed the crimes. In these circumstances,

-9-

Mr. Lang's untimely, unsupported, and unverified allegations of actual innocence based on two alibi witnesses are not sufficiently reliable or relevant to an actual innocence claim.

For these reasons, Mr. Lang's petition will be dismissed as untimely.

## IV.     Certificate of Appealability

The Court will issue an order dismissing Mr. Lang's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as time-barred.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Mr. Lang is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals.  See Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: APRIL 3, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN ROBERT LANG,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-13-0957** |
| v. : | |
| : | **(Judge Caputo)** |
| **JOSEPH MAZURKIEWICZ,** *et al.*, : | |
| : | |
| Respondents : | |

**O R D E R**

**AND NOW,** this **3rd** day of **APRIL, 2014**, upon consideration of the above-captioned petition for writ of habeas corpus and in accordance with the accompanying Memorandum, it is hereby **ORDERED** that:

1. Respondents' Motion to Dismiss (Doc. 8) is **GRANTED**.

2. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** as time barred.

3. A certificate of appealability is **DENIED**.

4. The Clerk of Court shall close this case.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO
United States District Judge**